Wiley and another, Respondents, vs: Grindey and another, Appellants.

*April 13—May 11, 1948.*

496

For the appellants there were briefs by *Brunckhorst & Brunckhorst* of Platteville, and oral argument by *L. A. Brunckhorst.*

For the respondents there was a brief by *Boyle & Boyle* of Darlington, and oral argument by *Wilfred J. Boyle.*

Wickhem, J. Plaintiffs are sisters and owned a farm containing one hundred sixty acres subject to a life estate therein by their father, Benjamin Wiley. By 1937 there were about ten or twelve years taxes due on this farm, the certificates being owned by La Fayette county. On April 10, 1937, plaintiffs and Benjamin Wiley entered into a contract with defendants. Under the terms of the contract defendants were to take a tax deed to the premises, enter into possession of the farm for a period of five years at the end of which time the Wileys were to have the privilege of redeeming the place by repaying the advances made by defendants with specified interest. The contract provided that defendants were to pay rent during the five years at the rate of $300 per year. The contract provided that if the rental was not paid it should be credited upon the amount necessary to redeem the premises. No rental was actually paid to the plaintiffs during the years in question. In April, 1942, the parties could not agree as to the status of the account, each side claiming that it had money coming from the other. Since April, 1942, defendants have been in the possession and use of the premises. The court found the fair market value of the land to be $4,800 and the fair rental value to be $480. In 1942, the Wileys brought an action for specific performance and this action was pending until 1946 when it was dismissed and the present action brought which is one for accounting, to set aside the tax deed, and to remove it as a cloud on plaintiffs' title. The trial court held that since the Grindeys had to redeem the ten or twelve years of delinquent taxes before they could get a tax deed at all they were entitled to repayment of all sums paid for delinquent taxes. No attack is made upon this conclusion by plaintiffs. The court also found the amounts due by each party to the other and there is no attack upon the amount so found by the court.

The court construed the contract as one which contemplated and resulted in putting legal title in defendants as security but left plaintiffs the equitable title with power in the latter

to redeem within five years. The court held that plaintiffs' failure to redeem was induced by the unreasonable and inequitable demands of defendants and that plaintiffs ought not to be cut off from their right to redeem by the mere fact that the time specified for exercise of the right to redeem has passed.

The finding that the plaintiffs were ready and willing at the end of the five-year period to redeem and were prevented from doing so by the unreasonable conduct of defendants is sustained by the record.

The court then proceeded to hold that since defendants had not only prevented redemption but had stayed in possession for another five years following April 1, 1942, they were required to credit toward the redemption the reasonable rental value of the property during that period, and the court found this at $480 per year rather than the $300 per year fixed by the contract. Finally the court dealt with the situation as though defendants were vendors under land contract and were seeking a strict foreclosure, as indeed they were by their counterclaim. Having found a balance still due to defendants the court ordered strict foreclosure of plaintiffs' equity of redemption unless this sum be paid within sixty days.

Plaintiffs make no objection to this disposition of the case and we proceed to consider the contentions of defendants. It is first sought to review the order overruling the demurrer to the complaint. The contention that the complaint states no cause of action is based upon the theory that the court held this to be an option contract and that the time for exercising this option appears on the face of the complaint to have passed and that therefore no cause of action is stated. This is unsound. The court treated this, as the facts alleged show it to be, as a security transaction in which defendants were to advance money to clear the taxes, to take for their security a tax deed which would give them the legal title to the premises,

and to have possession as tenants for five years subject to plaintiffs' right to redeem at the end of the period.

Defendants contend (1) that failure of the amended complaint to allege the death of Benjamin Wiley, a life tenant, rendered the complaint demurrable for defect of parties plaintiff. Since defendants went to trial after the demurrer was overruled and the fact of Wiley's death prior to the action appears from the record any technical defect that there might have been in the complaint was cured by the evidence. It is also alleged that even assuming the death of Wiley his representative should have been made a party. This is not true. Under the contract which was entered into by Wiley the rent could be retained by defendants and applied to reduce the amount necessary to redeem the premises. This was done and there was no cause of action surviving the death of Wiley.

Defendants next contend that this was an action to set aside a tax deed and that under sec. 75.27, Stats., it must be brought within three years after the recording of the tax deed. This section has nothing to do with this case which depends upon the contract between the parties. It deals with attacks upon the validity of tax deeds and simply limits the time within which such actions can be brought.

The contention that plaintiffs are guilty of laches has inferentially been disposed of by our conclusion that plaintiffs' failure to redeem was caused by the unreasonable demands of defendants.

It is our conclusion that this case was properly disposed of and there is no point in a further discussion of principles that are elementary and well understood.

*By the Court.*—Judgment affirmed.